LIBERTY HARDWOOD LUMBER CO. v. STEVENS. (No. 267.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 29, 1917. Rehearing Denied Jan. 9, 1918.)

1. LOGS AND LOGGING ☞8(5)—BREACH OF CONTRACT — INSTRUCTIONS — EVIDENCE TO WARRANT.

Evidence of breach of a logging contract by failure of defendant to furnish sufficient logs to keep plaintiff's team busy and to provide ample skidway examined, and found sufficient upon which to base instruction to the jury as to the amount and measure of damages.

2. APPEAL AND ERROR ☞997(3)—REVIEW— DIRECTION OF VERDICT.

Refusal of defendant's submitted instruction to direct a verdict was not error, where there was evidence satisfactory to the trial court to support a verdict for the plaintiff.

Error from District Court, San Jacinto County; L. B. Hightower, Sr., Judge.

Suit by A. G Stevens against the Liberty Hardwood Lumber Company. Judgment for plaintiff, new trial denied, and defendant brings error. Affirmed.

Williams & Neethe, of Galveston, and J. M. Hansbro, of Cold Springs, for plaintiff in error. Campbell & Campbell, of Livingston, for defendant in error.

BROOKE, J. This suit was brought in the district court of San Jacinto county by defendant in error, A. G. Stevens, against plaintiff in error, Liberty Hardwood Lumber Company, a corporation, to recover from the latter the sum of $3,403.30 as damages for an alleged breach of contract. The contract alleged upon was in writing, dated September 3, 1914, and by its terms plaintiff in error agreed to put two good mule teams to hauling logs for defendant in error to the amount of 25,000 feet per day, more or less, according to weather conditions, laid alongside of plaintiff in error's track in good shape for same to be loaded on cars, at a price for the first quarter of $1.50 per 1,000 feet, price for second quarter, making not to exceed half mile haul, 25 cents extra, measurement to be by Doyle-Scribner rule inside one bark. It would, perhaps, be better to set out the contract in full, as follows:

"Big Creek, Texas.

"This contract made this the 3d day of September, 1914, by and between A. G. Stevens, of

San Jacinto county, party of the first part, and the Liberty Hardwood Lumber Company, of Big Creek, Liberty county, Tex., party of the second part, to wit:

"The party of the first part hereby agrees to put two good mule teams to hauling logs for the party of the second part, to the amount of 25,000 feet per day, more or less, according to weather conditions, at the following prices:

"Laid alongside of our track in good shape for us to load same on cars; price for the first quarter $1.50 per thousand feet. Price for the next quarter, making not to exceed half a mile haul, 25 cents extra; measurement to be by Doyle-Scribner rule, inside of one bark.

"The party of the second part agrees to take all of the logs hauled by party of the first part at prices named above, paying for same on or about the 15th of each month.

"The party of the second part further agrees to keep ample skidway along the track for the unloading of the above logs.

"This contract shall be in full force twelve months from date.

"Witness our hands this the 3d day of September, A. D. 1914.

"Signed in duplicate.
            "A. G. Stevens.
            "Liberty Hardwood Lbr. Co.,
                    "J. M. Saunders.
"Witnesses:
    "C. V. Langston.
    "J. B. Shelton."

Plaintiff in error agreed to take all of the logs hauled by defendant in error at the prices named above, paying for same on or about the 15th of each month, and to keep ample skidway along the track for the unloading of the logs. Defendant in error also alleged that at the time of the execution of the written contract it was agreed between the parties that plaintiff in error should keep sufficient quantity of logs sawed in the woods at all times to keep defendant in error's teams busy, which logs should be cut from virgin timber. He further alleged that on the 24th day of April, 1915, he, at the special instance and request of plaintiff in error, put into service a third team, plaintiff in error urging him to put on its sidings 37,500 feet of logs per day, instead of 25,000, as originally agreed upon and expressed in the written contract, and agreed to take all said logs under the same terms and conditions provided for in that contract. It was further alleged that about May 2d plaintiff in error ordered defendant in error to stop hauling logs entirely, and placed other teams at work hauling for the mill, which hauling defendant in error could have done; that because of the failure of plaintiff in error to keep ample skidways along its track defendant in error was forced to haul all short haul logs with wagons instead of carts, so that the logs could be decked on the limited skidway furnished, which was done at a loss to defendant in error and greatly retarded the moving of logs; that on the 2d day of May, 1915, the defendant withdrew from the woods all the men engaged in sawing logs and men engaged in keeping up skidways, and took up a part of its tramways, and began cutting timber that had been left on the former part of the cutting, requiring defendant in error

to haul a greater distance over and through treetops of the former cutting, and that for want of logs defendant in error was required to maintain his teams and teamsters in idleness; that defendant in error was well equipped with teams, carts, wagons and labor, and could with ease have hauled as much as 37,500 feet per day, or more, was anxious and willing to do so, and repeatedly urged plaintiff in error to replace the sawyers, and keep up the trains and skidways and put him in good timber, but it would not; that during the months of May, June, July, August, and three days in September defendant in error could and would have hauled, as per terms of his agreement with plaintiff in error, 4,050,000 feet of logs, amounting to $6,075, whereas, by failure of plaintiff in error to comply with its obligations, promises, and agreement, defendant in error was only able to haul 1,787,000 feet, amounting to $2,681.70, entailing a loss upon him of $3,393.30; and that plaintiff in error was further indebted to him in the sum of $10.45 upon timber hauled by him which it refused to pay him. Wherefore he prayed judgment for the sum of $3,403.30, interest and costs.

Plaintiff in error, in answer, pleaded general demurrer, special exceptions, and general denial.

By trial amendment defendant in error alleged that from and after the 2d day of May, 1915, plaintiff in error did remove its log sawyers from the woods and all men engaged in keeping up skidways for said logs, and did take up part of the tramway, and what few men plaintiff in error did furnish to cut logs were required to cut over timber that had once been cut, necessitating and requiring the defendant in error to haul the remnant logs that were so cut through treetops a greater distance than should have been required of him, especially so since the tramways had been taken up and removed and the further fact that it refused to furnish ample skidways, and that at the time of the execution of the written contract made mention of in defendant in error's petition, plaintiff in error then had in its employ sufficient men sawing logs, preparing skidways sufficient to keep the defendant in error's teams busy, and that his labor was retained by plaintiff in error until about the 2d day of May, 1915, when plaintiff in error withdrew said labor, as complained of in defendant in error's petition.

The case was tried before a jury, and upon the following charge:

"Gentlemen of the Jury: The plaintiff, A. G. Stevens, sues the defendant, the Liberty Hardwood Lumber Company, to recover damages for an alleged breach of contract, the same contract now in evidence before you, commonly called a logging contract. The plaintiff's charge in substance succinctly stated being that the defendant breached said contract in failing to furnish sufficient logs to keep the plaintiff's teams busy and failed to provide ample skidway.

"The defendant denies the allegations of plain-

tiff's petition charging breach of contract as alleged, and this places the burden of proof upon the plaintiff to establish by a preponderance of the evidence by which is meant the greater weight of credible testimony the material allegations of his petition.

"You are charged that, if by a preponderance of the evidence you find that the plaintiff was ready, willing, and able to haul the quantity of logs as stipulated in the contract before you, but that he was prevented from hauling same on account of the defendant's failure to furnish sufficient logs for him to haul and failed to furnish ample skidways as alleged by plaintiff, then the defendant would be liable to plaintiff for such amount of damages as he has sustained by reason of such failure (if there was any) on the part of defendant, and the measure of damages in such case is the difference between the quantity of logs in feet actually hauled and the quantity of logs which the plaintiff could and would have hauled had the defendant on its part complied with the terms of the contract, computing at the rate for hauling for the first quarter $1.50 per 1,000 feet, price for the next quarter making not to exceed half a mile 25 cents extra. And if you find the defendant liable under the evidence, applying the foregoing instructions, then return a verdict for plaintiff for such amount as you find him entitled to. If you do not find the defendant liable, then return a verdict for the defendant.

"You are the exclusive judges of the facts proved, the credibility of the witnesses and weight to be given to the testimony, but you receive the law from the court, and must be governed thereby.
                "L. B. Hightower, Judge Presiding."
"We, the jury find for the plaintiff, A. G. Stevens, the sum of $3,403.30.
                "E. L. Ross, Foreman."

The court rendered judgment in favor of the defendant in error in the sum found by the jury, with interest and costs. Plaintiff in error filed motion for new trial, and thereafter its amended motion, whch was by the court overruled. On January 8, 1917, plaintiff in error duly filed with the clerk of the court petition for writ of error with supersedeas bond. Citation for writ of error was issued to defendant in error, and was duly returned, showing him to have been duly served on January 13, 1917. A remittitur has been filed in this court in the sum of $168.75, and judgment is prayed to be remitted in that sum.

[1, 2] The first, second, and third assignments of error will be grouped and treated together, viz.:

(a) "The court erred in submitting in its main charge to the jury for determination by them the issue as to the amount of plaintiff's damage, because the evidence herein is wholly and legally insufficient to raise such an issue and is legally insufficient to support any finding for damages or any amount in favor of plaintiff, such error having been complained of in paragraph No. 2 of plaintiff in error's amended motion for new trial."

(b) "The court erred in its main charge to the jury, wherein it charges them to find the difference between the amount of logs plaintiff actually hauled and the amount he should have hauled if his contract with defendant had not been breached by it, for the reason that there is no evidence herein sufficient to raise such issue, and that there is no evidence herein upon which a finding by the jury upon such issue can be based; such error having been complained of in paragraph No. 3 of plaintiff in error's amended motion for new trial."

(c) "The court erred in refusing plaintiff in error a new trial, because the verdict herein and the judgment rendered thereon were wholly unsupported by the evidence herein, in that there is no evidence herein legally sufficient to show the difference between the amount of logs plaintiff could have hauled had the defendant not breached its contract with him and the amount actually hauled by him, such ground having been set up in paragraph 4 of plaintiff in error's amended motion for new trial."

The proposition under these assignments is as follows:

"The evidence herein being wholly insufficient to afford any reasonable basis upon which any amount of damages to plaintiff could be intelligently arrived at, he was not entitled to recover any sum, and the court committed prejudicial error in submitting the issue as to the amount of his damage to the jury."

Therefore the complaint to be passed on is that there is no evidence in the case whatever that would raise the issues submitted by the court. We have examined the testimony, and believe, with the trial court, that there is evidence upon the issues raised that, if not entirely satisfactory to this court, to say the least of it, was satisfactory to the trial court, which heard the testimony, and which refused a new trial in the cause, and inasmuch as there is no quantity of evidence that is prescribed by the law, it is sufficient, if there is testimony which is believed by the jury, to uphold the judgment.

So far as this court is concerned, we are not concerned with the amount of testimony adduced, but only as to the question of whether or not there is testimony, together with the reasonable conclusions therefrom, and all these conclusions must be held to favor the upholding of the judgment of the lower court. These assignments are therefore overruled.

The record discloses the fact that only one special requested charge was asked by the plaintiff in error, which was as follows:

"Now comes Liberty Hardwood Lumber Company, defendant in the above styled and numbered cause, and at the close of plaintiff's evidence, and before the giving of the court's main charge, requests the court to charge the jury as follows: 'Gentlemen of the Jury: You will return your verdict as follows: We, the jury, find for the defendant.'"

This requested charge was marked "Refused" by the trial judge.

The plaintiff in error asked no further special instruction, and seem to have rested their case entirely upon the propositions heretofore submitted. Without going into the matter and reviewing the testimony in extenso, we are of opinion that the action of the lower court was correct, and should be affirmed, less the amount remitted.

It is so ordered.